IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

BARRY T. LEWIS,

        Plaintiff,                      Civil No. 04-6282-HA

        v.                             OPINION AND ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

Mark A. Manning
Cram Harder Wells & Baron PC
474 Willamette Street, Suite 200
Eugene, OR 97401
    Attorney for Plaintiff

Karin J. Immergut
United States Attorney
Craig J. Casey
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

David R. Johnson
Lucille G. Meis
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
    Attorneys for Defendant


HAGGERTY, Chief Judge:

Plaintiff brings this action pursuant to § 205(g) of the Social Security Act (SSA or the Act), as amended, 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for supplemental security income (SSI) benefits. For the reasons provided below, the court concludes that the Commissioner's decision is free of legal error and is supported by substantial evidence. Accordingly, the decision of the Commissioner is affirmed.

## **ADMINISTRATIVE HISTORY**

Plaintiff filed for SSI benefits on January 2, 2002. Administrative Record 276–77.[1] Plaintiff alleged that he became disabled on June 19, 1975, due to bipolar disorder, depression, post-traumatic stress disorder, attention deficit disorder, memory loss, anxiety, panic attacks, hepatitis B and C, chronic fatigue, intestinal blockage, and chronic abdominal pain as a consequence of multiple abdominal surgeries. AR 289, 299. After plaintiff's application was

---

[1] All references to the Administrative Record will be designated by "AR" followed by the page number.

denied initially and upon reconsideration, he requested a hearing. AR 265. A hearing was held before an administrative law judge (ALJ) on October 7, 2003. AR 1279–1310. Weather anomalies delayed a supplemental hearing necessary to take testimony from a vocational expert until February 20, 2004. AR 1311–25. The ALJ issued a written decision on April 20, 2004 that plaintiff was not disabled. AR 15–26. On July 28, 2004, the Appeals Council denied plaintiff's request for review, AR 9–11, making the ALJ's decision the final decision of the Commissioner. *See* C.F.R. §§ 416.1481, 422.210. Plaintiff filed his complaint for judicial review in this court on August 17, 2004.

## **STANDARDS**

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). A person can be disabled only if his or her impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). The Commissioner bears the burden of developing the record. 20 C.F.R. §§ 404.1512(d), 416.912(d); *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for disability benefits. 20 C.F.R. §§ 404.1520, 416.920; *Quang Van Han v. Bowen,* 882 F.2d 1453, 1456 (9th Cir. 1988). If a determination that

the claimant is or is not disabled can be made at any step, further review is unnecessary. 20 C.F.R. § 404.1520(a)(4). Below is a summary of the five steps:

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity. If so, the claimant is not disabled. If the claimant is not working in a substantial gainful activity, the Commissioner proceeds to step two. 20 C.F.R. § 404.1520(a)–(b).

Step Two. The Commissioner determines whether the claimant has a severe mental or physical impairment. If not, the claimant is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to step three. 20 C.F.R. § 404.1520(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one or more of the impairments listed in the SSA regulations. 20 C.F.R. pt. 404, subpt. P, app. 1. If so, the claimant is disabled. If the claimant's impairment does not meet or equal one listed in the regulations, the Commissioner proceeds to step four. 20 C.F.R. § 404.1520(d).

Step Four. The Commissioner determines whether the claimant is able to perform work he or she has done in the past. This requires the ALJ to examine the claimant's residual functional capacity (RFC) and the physical and mental demands of the claimant's past relevant work. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). If the claimant is able to perform past relevant work, the claimant is not disabled. If the claimant demonstrates that he or she is not able to perform past relevant work, the Commissioner proceeds to step five. 20 C.F.R. § 416.920(e)–(f).

Step Five. The Commissioner determines whether the claimant is able to do any other work. If not, the claimant is disabled. If the Commissioner finds the claimant is able to do other

work, the Commissioner must show that a significant number of jobs in the national economy exist that the claimant can do. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). While the claimant bears the burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Id.* The Commissioner may satisfy this burden through the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines. 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that claimant can do, the claimant is not disabled; if the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(g).

If the Commissioner finds that the claimant is disabled and there is medical evidence that the claimant has a drug or alcohol addiction, the ALJ must then determine whether a claimant's addiction is material to the finding of disability. 20 C.F.R. §§ 404.1535, 416.935; *see Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir. 2001). If the ALJ determines that drug addiction or alcoholism is material to the claimant's disability, the claimant is not eligible for benefits. 42 U.S.C. § 423(d)(2)(C). The key factor in determining whether drug addiction or alcoholism is material to the claimant's disability is whether the claimant would still be disabled even if he or she were not abusing alcohol or drugs. 20 C.F.R. §§ 404.1535(b), 416.935(b). The claimant bears the burden of showing that drug or alcohol addiction is not a contributing factor material to the determination of disability. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less

than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039–40. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld even if the evidence would support either outcome. *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1998). Finally, even if substantial evidence supports the Commissioner's decision, it must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Id.*

## QUESTION PRESENTED

The issue presented is whether the ALJ's decision is supported by substantial evidence and free from legal error. Specifically, plaintiff asserts that the ALJ erred in rejecting an evaluation of plaintiff's limitations by an examining physician.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is forty-nine years old and has a high school equivalent education. AR 24. Although he has worked as a telemarketer, fast food cook, dishwasher, and laborer for the U.S. Forest Service, AR 290, plaintiff has no vocationally relevant past work experience. AR 19, 24.

Plaintiff suffers from a variety of physical and mental disorders. Records contain a history of acute and chronic abdominal pain, peptic ulcers, pancreatitis, cholecystectomy, lysis of adhesions, intestinal blockage, and hepatitis C. AR 1132–59. Severe internal injuries from a motor vehicle accident in plaintiff's youth have led to approximately eight surgeries, including

one immediately following his application for SSI benefits. AR 726–37, 755. Plaintiff's records also suggest a history of depression and anxiety, attention deficit disorder, post-traumatic stress disorder, and substance abuse. AR 1132–59.

Plaintiff's well-documented substance abuse began at a very young age, following the suicides of his father and brother. AR 754. He has used heroin, cocaine, methamphetamine, LSD, cannabis, alcohol, benzodiazepines, and prescription narcotic analgesics. AR 23, 757, 1202. At the time of the initial hearing, plaintiff remained on methadone maintenance to help manage his opiate addiction. AR 1285.

On March 7, 2003, Dr. Teresa Dobles, Psy.D., performed a comprehensive psychological and neuropsychological evaluation of plaintiff to aid in a determination of benefits. *See* AR 1116–31. Dr. Dobles prepared her diagnoses and report based on information she obtained from plaintiff and medical records relating to plaintiff's intake and progress in a substance abuse disorder treatment program. AR 1160–1200. Dr. Dobles diagnosed plaintiff with opiate dependence with physiological dependence (methadone maintenance), amphetamine dependence in sustained full remission, sedative-hypnotic dependence in sustained full remission, attention deficit hyperactivity disorder, depressive disorder "NOS,"[2] anxiety disorder NOS, post-traumatic stress disorder, and personality disorder NOS. AR 1123.

At the initial hearing—at which Dr. Dobles did not testify—uncertainty arose as to whether her evaluation of plaintiff had included limitations caused by drug and alcohol abuse. AR 1294–96, 1301–04. In her report, Dr. Dobles noted that plaintiff had denied drug use for the prior six months, with the exception of one episode of cocaine and marijuana use three weeks

---

[2] "Not otherwise specified."

7 – OPINION AND ORDER

prior to the evaluation. AR 1122. Referring to the degree to which her evaluation of plaintiff's impairments was affected by drug abuse, Dr. Dobles stated, "While Mr. Lewis is likely to have a dual diagnosis of both addictions and other mental disorders, it is difficult to make a definitive diagnosis until he is drug free for a number of months." *Id*. Medical expert Susan Dragovitch, Ph.D., testifying after reviewing plaintiff's medical records and Dr. Dobles' evaluation, stated that she was in agreement with Dr. Dobles that no diagnosis of plaintiff's limitations would be definitive until he had been drug-free for number of months. AR 1295. Dr. Dragovitch noted that she agreed with Dr. Dobles' assessment only if it included the impact of drugs and alcohol addiction. *Id*.

At the request of plaintiff's attorney, Dr. Dobles clarified her previous assessment by letter on November 4, 2003. AR 1254. In her letter, she stated:

> I did attempt to rate Mr. Lewis' cognitive and psychological functioning without including limitations caused by the immediate effects of alcoholism and drug addiction. . . . If his self-report of no marijuana or cocaine use for three weeks prior to the evaluation was accurate, then no immediate effects of drug use would have affected his test performance. However, it is likely that the residual effects of his long-term drug and alcohol use would be permanent and therefore, represented in the ratings.

*Id*. She concluded that the test results regarding plaintiff's attentional functioning "demonstrated no or possibly mild immediate effects" from plaintiff's ongoing methadone maintenance. *Id*.

**THE COMMISSIONER'S DECISION**

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since his alleged onset date. AR 19. At step two, the ALJ determined that medical evidence established that plaintiff has severe impairments, including polysubstance abuse, gastrointestinal disorders, hepatitis C, and "rule out" disorders including post-traumatic stress

8 – OPINION AND ORDER

disorder, attention deficit hyperactivity disorder, antisocial personality disorder, depression, anxiety, and substance induced mood disorder. AR 23. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal any impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id*. At step four, the ALJ found that plaintiff had no vocationally relevant work experience. AR 24.

The ALJ's finding at step four shifted the burden to the Commissioner to show in step five that there are significant numbers of jobs in the national economy which plaintiff could perform given his RFC. *Gomez*, 74 F.3d at 970. In determining plaintiff's RFC, the ALJ found that plaintiff had mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, and pace. AR 23. The ALJ found no repeated episodes of decompensation of extended duration, except ones that were drug related. *Id*. Using the testimony of vocational expert (VE) Nancy Bloom, the ALJ found that plaintiff has the RFC to perform a significant range of light work, including the jobs of motel cleaner, surveillance systems monitor, and semiconductor bonder. AR 24. Accordingly, the ALJ found that plaintiff was not disabled. *Id*.

## ANALYSIS

Plaintiff asserts that the ALJ erred in rejecting Dr. Dobles' opinion that the impairments she measured were not products of the immediate effects of drug and alcohol abuse. The SSA precludes the award of disability benefits when drug addiction or alcoholism is a contributing factor material to the determination of an individual's disability. 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). Plaintiff bears the burden of showing his substance abuse is not a contributing factor material to his disability. *Ball*, 254 F.3d at 821. As discussed below, the court concludes

that substantial evidence supports the ALJ's determination that plaintiff failed to carry this burden.

### Dr. Dobles' Opinion

The ALJ accepted the opinion of Dr. Dragovitch over that of Dr. Dobles primarily because the ALJ found plaintiff not totally credible in his self-reporting to Dr. Dobles. An ALJ may properly disregard a medical opinion that is premised on the self-reporting of a claimant whose credibility has been properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Dr. Dobles' evaluation of plaintiff depended critically on plaintiff's accuracy in his self-reports of drug use prior to the testing, because her evaluation did not include the immediate effects of drug and alcohol abuse. Dr. Dobles stated in her initial report that "[w]hile Mr. Lewis is likely to have a dual diagnosis of both addictions and other mental disorders, it is difficult to make a definitive diagnosis until he is drug free for number of months." AR 1122. In her clarifying letter, she stated explicitly that the validity of her evaluation depended on plaintiff's accuracy in reporting no drug use since an episode three weeks before the evaluation. AR 1254.

In discounting plaintiff's credibility, the ALJ pointed to a significant history of drug-seeking behavior, much of which included false reporting to medical providers. AR 20. The record amply supports the ALJ's conclusion that plaintiff was not a reliable historian. *See* AR 737, 753–54, 794, 804, 822–24, 842–43. As to plaintiff's truthfulness with Dr. Dobles, the ALJ noted discrepancies with plaintiff's report that he had been abstinent for six months prior to the March 7, 2003 evaluation, except for one episode three weeks earlier. AR 23. For example, the record contains admissions by plaintiff of drug use in November of 2002 and January of

2003 (AR 1175, 1180), and positive drug urinalysis screens in October 2002 (AR 1199), all within the relevant six month period.

Given the inconsistency of plaintiff's self-reporting with other evidence in the record, it was not legal error for the ALJ to discount plaintiff's testimony. *See* S.S.R. 96-7p (noting that the consistency of a claimaint's statements, both internally and with the rest of the record, is a strong basis for credibility determinations) *available at* 1996 WL 374186, at *5. Because Dr. Dobles' opinion expressly relied on truthful reporting by plaintiff, the ALJ did not error in rejecting her opinion.

Further, in rejecting Dr. Dobles' opinion, the ALJ found inconsistencies both within Dr. Dobles' statements and between her opinions and other evidence in the record. While clear and convincing reasons are required before rejecting an examining physician's uncontradicted opinion, an ALJ need only provide specific and legitimate reasons, supported by substantial evidence in the record, before rejecting an examining physician's opinion that is contradicted by another physician. *Andrews*, 53 F.3d at 1041. Here, the ALJ complied with this standard.

Dr. Dobles, an examining physician, and Dr. Dragovitch, a non-treating medical expert, disagreed about the immediate impacts plaintiff's drug and alcohol abuse could have had on the evaluation. In her clarifying letter, Dr. Dobles stated that the three weeks since plaintiff's most recent reported drug use were sufficient to insulate the evaluation from its immediate effects. AR 1254. In contrast, Dr. Dragovitch felt that it would be "pure extrapolation" to try to determine plaintiff's RFC after only three weeks of abstinence, particularly in the larger context of decades of polysubstance abuse. AR 1295–96. Dr. Dragovitch stated that she could agree with Dr. Dobles' ratings of plaintiff's limitations only if they included the impact of drug and

alcohol abuse. AR 1295.

In fact, Dr. Dobles' statements were themselves internally inconsistent regarding the necessary time period. Initially, she stated that making a definitive diagnosis was difficult without "a number of months" of abstinence. AR 1122. In her clarification letter, however, she stated that she had tried to evaluate plaintiff without considering the immediate effects of drug use, and that three weeks of abstinence was sufficient. AR 1254.

The ALJ noted these inconsistencies in accepting Dr. Dragovitch's opinion over Dr. Dobles. He also noted that Dr. John Alcott, plaintiff's primary care physician, had stated in October 2003 that plaintiff was able to sustain light work activity. AR 22, 1248–50. Given the fact that Dr. Dobles' opinion was already undermined by the ALJ's proper discounting of plaintiff's credibility, it was not error to reject her opinion in favor of the opinions of Drs. Dragovitch and Alcott that plaintiff had not demonstrated himself disabled aside from impairments related to substance abuse.

//
//
//
//
//
//
//
//
//

## **CONCLUSION**

For these reasons, the court concludes that the findings of the Commissioner are free of legal error and are supported by substantial evidence in the record. The Commissioner's denial of plaintiff's application for SSI benefits is AFFIRMED and this action is DISMISSED.

IT IS SO ORDERED.

DATED this __20___ day of June, 2005.


                        ___/s/Ancer L.Haggerty_____
                                  Ancer L. Haggerty
                            United States District Judge